BALL *v.* AUDITOR GENERAL.

133     521
136     360

TAXATION—VOID SALE—REFUNDING—CONSTRUCTION OF STATUTE.
   Under section 111 of the tax law of 1891 (Act No. 200, Pub. Acts 1891), repealing the law of 1889 (Act No. 195, Pub. Acts 1889), but saving all existing rights, and providing that lands then delinquent should be sold under the earlier act, subject to the proviso that lands bid to the State under such provision should thereafter be subject to the provisions of the act of 1891,—where lands bid to the State under the act of 1889 were afterwards sold as State tax lands at county treasurer's

sale held pursuant to the act of 1891, the sale was under the latter act, and, as that act contained no provision for repayment of the purchase price in case the title should be declared void, the purchaser was remediless in such contingency.

*Mandamus* by James E. Ball to compel Perry F. Powers, auditor general, to refund the purchase price of certain State tax lands. Submitted May 12, 1903. (Calendar No. 19,915.) Writ denied June 23, 1903.

Relator became the purchaser at the annual tax sale on May 1, 1893, of the lands described in his petition. These lands were held by the State upon sales for taxes of 1888 and 1889. Relator received his deeds, but never recorded them. He first applied to the auditor general to cancel them and refund the money paid therefor, on the ground of the invalidity of the sales under certain decisions of this court. The respondent refused. Thereupon relator applied to the circuit court, in chancery, for the county of Marquette, for the cancellation of said deeds, and for a direction to the auditor general to refund the money paid therefor. The court, in chancery, granted the prayer, setting the deeds aside as irregular and void, but refused his prayer to direct the auditor general to refund the money. He now applies to this court for the writ of *mandamus* to compel the respondent to refund him said money.

*James E. Ball, in pro. per.*

*Charles A. Blair*, Attorney General (*Charles W. McGill*, of counsel), for respondent.

GRANT, J. (*after stating the facts*). Relator did not purchase these lands at the sales for the delinquent taxes for the years 1888 and 1889. He purchased them under Act No. 200, Pub. Acts 1891. Acts prior to 1891 had provided for repayment to the tax purchaser where the tax deed had been held void; but Act No. 200 of 1891 contained no such provision, and the auditor general has no power to make such repayments except when author-

ized by statute. In the absence of such provision for repayment, the purchaser buys at his risk, and takes only such title as the State had. *Crane* v. *Reeder*, 25 Mich. 320; *People, ex rel. Rice*, v. *Auditor General*, 30 Mich. 12.

Relator claims that the repealing clause of Act No. 200 (section 111) entitles him to the relief sought. The proviso of the repealing clause reads as follows:

"*Provided*, that all lands heretofore returned delinquent that have not been offered for sale shall be offered for sale by the auditor general under Act [number] 195 of the laws of 1889, and all proceedings relative to the sale of such lands, and the redemption thereof, and the issuing of deeds therefor, shall be conducted according to the provisions of said Act 195 of 1889 by the auditor general: *And provided further*, that any lands offered under the above proviso, and not sold, or that shall be bid off for the State, shall, after such offer or sale to the State, be subject to the other provisions of this act."

It appears by the second proviso that the sale in this case was made, not under the law of 1889, but under the law of 1891. The language is susceptible of but one construction. The sales under the prior law had taken effect, and the title was in the State. The law of 1891 authorized another sale, and expressly provided that that sale should be made under the provisions of that act, and not under former acts. The relator is remediless, except through an act of the legislature.

The writ is denied.

The other Justices concurred.