HARDING v. AUDITOR GENERAL.

1. TAXATION—VOID SALE—REFUNDING PURCHASE MONEY.
A purchaser at a tax sale is not entitled to a refunding of the purchase price on the sale's being held invalid, in the absence of a statute conferring that right.

2. SAME—LAW OF 1889.
The only provision for refunding contained in the tax law of 1889 (Act No. 195) is that found in section 66, under which the purchaser must look to the county treasurer, and not to the auditor general.

3. SAME—LAW OF 1885—REPEAL.
The refunding provision of the tax law of 1885 (Act No. 153, § 104) was not repealed by the tax law of 1889, section 113 of which expressly saved all rights existing under the earlier act.

4. SAME—ADVERSE POSSESSION.
But a refunding should not be granted under said section 104 where, at the time the tax title was declared invalid, it had become ineffectual in any event because of five years' adverse occupancy of the premises, in accordance with section 115 of the act.

5. SAME.
The fact of such occupancy, however, must be established, in order to defeat such right; mere lapse of time is not sufficient.

6. SAME—LACHES.
Laches cannot exist in the matter of an application for a refunding by a tax title purchaser prior to the time when his right to a refunding became complete.

7. SAME—DETERMINATION OF INVALIDITY OF TITLE.
  Under said section 104, providing for such refunding where
  the title has been annulled "either in a court of law or
  equity," a finding of the invalidity of such title in an action
  of ejectment is sufficient.

*Mandamus* by Vine Harding and others to compel Perry F. Powers, auditor general, to refund the consideration paid for certain tax deeds. Submitted March 15, 1904. (Calendar No. 20,335.) Writ granted in part April 19, 1904.

*C. R. Wilkes* (*C. J. Pailthorp*, of counsel), for relators.

*Charles A. Blair*, Attorney General (*Charles W. McGill*, of counsel), for respondent.

MONTGOMERY, J.    The relators ask for the writ of *mandamus* to compel respondent, the auditor general of the State of Michigan, to refund the amount paid by Josiah E. Harding for the purchase of certain tax lands for the taxes of 1882, 1883, 1884, 1885, and 1888; relators having succeeded to the rights of Josiah E. Harding. The land was sold for the taxes of 1882 on October 6, 1885, for the taxes of 1883 on the same date, for the taxes of 1884 on October 5, 1886, and for the taxes of 1885 on October 4, 1887, under the provisions of the general tax law of 1885, being Act No. 153; and for the taxes of 1888, sold May 4, 1891, under the provisions of the general tax law of 1889, being Act No. 195 of said year. For the sales made under the tax law of 1885, deeds were issued September 11, 1889, and, for the sale for the taxes of 1888, a deed was issued on surrender of the certificate of purchase on September 1, 1896.

Suit in ejectment was brought in the circuit court for the county of Emmet, and in the proceedings the deeds were introduced as evidence of title, and held by the circuit judge to be void, and ineffectual to convey title. On a

certificate of the circuit judge, application was made to respondent auditor general for a refunding of the amount paid by reason of the several purchases referred to, together with interest thereon, which was refused; and, on being renewed, was again refused, principally for the reason that Act No. 153, Pub. Acts 1885, § 104, under which claim was made for refunding, had been repealed by the enactment of the general tax law of 1889, although the auditor general reserved the right to raise any other objection he saw fit if suit was commenced by *mandamus* or otherwise to effect a refunding. On refusal of respondent auditor general to refund in accordance with the several applications to which reference is made in relators' petition, this suit was instituted.

It is settled that refunding cannot be demanded except where authorized by statute. *Crane* v. *Reeder*, 25 Mich. 320; *People, ex rel. Rice,* v. *Auditor General,* 30 Mich. 12; *Ball* v. *Auditor General,* 133 Mich. 521 (95 N. W. 539). As to the purchase for the tax of 1888, it appears that Josiah E. Harding bought these lands May 4, 1891, under the provisions of the general tax law of 1889. Act No. 195, Pub. Acts 1889. As section 66 of that act provides for a refunding by the county treasurer, and not by the auditor general, it would seem clear that, if the provisions of the act are still in force, relators are not entitled to the remedy sought.

The purchases for the taxes of 1882, 1883, 1884, and 1885 were made under the tax law of 1885. The question is presented as to whether the tax law of 1889 (Act No. 195), repealing the tax law of 1885 (Act No. 153), cut off the right of a purchaser under the law of 1885 to have the purchase money refunded in case the title was declared invalid. Both the law of 1889, by section 113, and the law of 1893 (see section 3948, 1 Comp. Laws), contain provisions saving "any rights which may have accrued" under the act repealed. As was said in *Tillotson* v. *Saginaw Circuit Judge,* 97 Mich. 585 (56 N. W. 945), it is very questionable whether the rights of purchasers under for-

mer laws are not so vested that they could not be divested by subsequent legislation. As to this question, see *State* v. *Foley*, 30 Minn. 350 (15 N. W. 375). But we find it unnecessary to determine this question in the present case. We think the legislative intent was clear to preserve all rights existing under prior laws, and that the provision for refunding was not repealed.

Respondent, however, contends, and very properly, that section 104 of the general tax law of 1885 (the refunding provision) should be read in connection with sections 115 and 116, and contends that, when tax deeds are declared invalid at a time when the right to maintain their validity has been lost by lapse of time under the provisions of sections 115 and 116, the provisions of section 104 should not be held to apply. Granting this contention, it does not meet the case made by the relators. The finding of the circuit judge in the trial of the case involving the validity of the tax deeds was that in each case the deeds were null and void for causes not the fault of the grantee in the deed. There is nothing upon the record to indicate that facts ever existed which would make the provisions of sections 115 and 116 applicable. In other words, there is nothing to indicate that the lands were occupied so that the title under the tax deeds was cut off by the provisions of these sections. The point that relators are guilty of laches is, therefore, without force. There could be no laches in the matter of making this application until the right to apply for refunding accrued. The finding of the invalidity of the tax titles in an ejectment proceeding meets the requirements of the statute. See *Auditor General* v. *Bay County Sup'rs*, 106 Mich. 675 (64 N. W. 570).

The writ will issue as prayed, except as to the taxes of 1888.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.