## MINNESOTA LOAN & INVESTMENT CO. *v.* BEADLE COUNTY.

1. Where plaintiff purchased a tax certificate from the county, and thereafter paid the taxes on the property described in the certificate, and there was error in the description thereof, the purchaser could not recover the amount paid from the county under Laws 1891, p. 66, c. 14, § 112, authorizing a recovery of money paid for land sold by taxes, when by mistake or wrongful act of the treasurer, no taxes were due on the land.

2. A purchaser of land from a county, which the latter had acquired under

a tax sale, was not entitled to recover the price paid from the county on the ground that the tax certificate was void because of an alleged error in the description, tax sales being subject to the rule of caveat emptor.

(Opinion filed October 19, 1904.)

Appeal from circuit court, Beadle county; Hon. J. H. Mc-Coy, Judge.

Action by the Minnesota Loan & Investment Company against Beadle county. From a judgment in favor of plaintiff, defendant appeals. Reversed.

*H. S. Mouser,* for appellant.

*A. W. Wilmarth* and *A. W. Burtt,* for respondent.

CORSON, P. J.   This is an action instituted by the plaintiff to recover of the defendant the sum, of $216, with interest thereon, for moneys alleged to have been paid by it to the defendant for a certain tax certificate, and as taxes subsequently assessed upon the property sold.   Findings and judgment were in favor of the plaintiff, and the defendant has appealed. The case was tried to the court without a jury upon an agreed statement of the facts, and the findings substantially embody such statement.   The court finds in substance that on the 10th day of November, 1890, the treasurer of the defendant sold to the county a tract of land described in the treasurer's tax certificate issued in the usual form; that on the 24th day of September, 1891, the plaintiff purchased the said certificate from the said county for the face value thereof, with interest, and it was duly assigned and transferred to it; that plaintiff paid the subsequent taxes assessed upon the property, amounting to about $72.   The court further finds that the tract of land described in the certificate so sold and assigned to plaintiff actu-

ally included 29½ acres, that the description contained in said tax certificate included within its boundaries 10 acres which then stood of record in the name of one H. J. Rice, and that no one paid the taxes on the said 10 acres for the year 1889, and that the description contained in the said certificate was intended to include only the said 10 acres belonging to the said Rice. The court concludes from the facts found that the plaintiff was entitled to repayment by the county of the amount so paid for said tax certificate and on account of subsequent taxes, with interest thereon, and thereupon judgment was entered in favor of the plaintiff for said sum.

It will be observed that the court finds that the description of the land purporting to have been assessed to H. J. Rice embraced 29½ acres, and that included within said tract were the 10 acres belonging to the said Rice, and that it was the intention of the assessor to only assess the 10 acres belonging to the said Rice. It is contended by the appellant county that, assuming that the description is defective, and that the plaintiff therefore acquired no lien upon the 10 acres claimed by Rice, the county cannot be made liable for the amount paid by the plaintiff, as there is no law authorizing the plaintiff to recover back the money so paid to the county, and that in such a case the doctrine of caveat emptor applies. It is contended by the respondent that the money so paid by the plaintiff was paid under a mistake of fact, the plaintiff believing that the tract of land described in the certificate was the 10 acres belonging to Rice, and that, having paid the money on the certificate and the subsequent taxes under a mistake of fact, it is entitled to recover from the county the amount so paid. And the respondent further contends that the plaintiff is entitled to recover back

18 S. D.—28

the money so paid under the provisions of section 112, c. 14, p. 66, Laws 1891, in force at the date of the transaction, which provided that when, by mistake or the wrongful act of the treasurer, land has been sold on which no taxes are due, the amount so paid may be recovered back from the county.  In the case at bar there was no mistake or wrongful act on the part of the treasurer for which the county could be held liable under the provisions of that section.  In American Investment Co. v. Beadle County, 5 S. D. 410, 59 N. W. 212, this court, in a case brought to recover back money paid at a tax sale, uses the following language:  "The rule of caveat emptor applies with all its force to a purchaser at such sale.  Knowing that tax titles are to some extent uncertain and that they usually depend on numerous contingencies, he engages his means in the speculation and assumes the liability of having his title prove to be worthless, and in that event he cannot, in the absence of a statute, recover the amount he has paid in an action against the county."  We see no reason why the same rule should not be applied to a purchaser who purchases the tax certificate from the county subsequent to the sale to the county.  The records pertaining to the assessment of the property and the title of the person purporting to be assessed, being public records, are opened to inspection to persons desiring to make purchases at either tax sales or in purchasing tax certificates owned by the county, and the parties making such purchases must make such investigation at their own risk.  It would be imposing too great a burden upon the county to require it in all cases to reimburse purchasers either at tax sales or purchasers of tax certificates from the county in case a defect in the assessment proceedings appears.  As was stated

in substance in the case of American Investment Co. v. Beadle County, supra, parties purchasing at such sales expect to obtain thereby property "at a grossly inadequate price, or of securing an exhorbitant profit upon the investment in case the property is redeemed." The county treasurer, in making the sale of the certificate issued to the county, is not authorized to make any representations or guarantees in connection with such sale. Hyde, Adm'r, v. Supervisors, 43 Wis. 129. He simply is authorized to transfer the interest of the county in the certificate upon the payment of the amount due thereon, and, in case of any defect in the proceedings rendering the investment unsuccessful, the purchaser has no claim against the county for any reimbursement of the money paid out by him, unless there is some statutory provision authorizing such party to recover the amount back from the county.

Judge Cooley, in his work on Taxation, says: "A tax sale is the culmination of proceedings which are matters of record, and it is a reasonable presumption of law that where one acquires rights which depend upon matters of record, he first makes search of the record in order to ascertain whether anything shown thereby would diminish the value of such rights, or tend in any contingency to defeat them. A tax purchaser consequently cannot be, in any strict technical sense, a bona fide purchaser, as that term is understood in the law, because a bona fide purchaser, is one who buys an apparently good title without notice of anything calculated to impair or effect it, but the tax purchaser is always deemed to have such notice when the record shows defects. He cannot shut his eyes to what has been recorded for the information of all concerned, and, relying implicitly on the ac-

tion of the officers, assume what they have done is legal because they have done it. The tax purchaser buys, therefore, under the operation of the rule caveat emptor, and under common law rules would get nothing unless he got the land itself." Cooley on Taxation, 475, 476.

Mr. Desty, in his work on Taxation, in speaking upon this subject, says: "Except as limited and qualified by express statutory provisions, the rule applies to all purchasers at tax sales; and, if the public has nothing to sell, the purchaser gets nothing. Purchasers are bound to know at their peril that the supposed delinquent is in fact delinquent—that he has been lawfully assessed and has failed to make payment. The purchaser at a municipal sale for taxes buys at his own risk, and at his peril investigates the proceedings. A county does not guaranty tax titles except as the statute may provide, and cannot refund money upon the failure of such titles." Desty on Taxation 850.

Mr. Blackwell, in his work on Tax Titles, uses the following language: "The state or county does not guaranty tax titles. No officers have a right to refund moneys on failure of a tax title, except as some statute may require it. If a tax title proves invalid, the purchaser at the tax sale cannot maintain an action to recover back the money paid by him as the consideration of the purchase and the expenses of defending his title. Neither does an action lie by the purchaser against the collector to recover damages for omitting to give the notice required by the ordinance. The rule caveat emptor applies to such cases." 2 Blackw. § 1005.

It will thus be seen that the leading writers on the subject of taxation agree that, in the absence of legislation authoriz-

ing a person to recover, no action can be maintained for the recovery of money paid at tax sales, and clearly the same rule should be applied to purchasers purchasing tax certificates of the county. The learned circuit court was therefore in error in concluding from the facts found that the plaintiff was en-. titled to recover in this action.

We have not deemed it necessary to consider or discuss the validity or invalidity of the tax proceedings in this case, but for the purposes of this opinion have assumed that the misdescription of the property in the tax certificate renders the proceedings invalid, but upon this question we express no opinion.

The judgment of the circuit court is reversed, and that court is directed to dismiss the action.