## WILLIAM C. FOSTER v. P. B. MALBERG and Others.[1]

October 11, 1912.

Nos. 17,813—(17).

County auditor's bond — liability.

In an action upon the official bond of a county auditor, wherein both the auditor and his sureties are made defendants, the terms of the bond define and determine the extent of the auditor's liability, which is no greater and no less than that of his sureties; the liability of both being measured by the terms of the bond, reasonably, but strictly, construed.

[1] Reported in 137 N. W. 816.

**Defects in tax sale — conclusive presumption against purchaser.**

Although the requirement of R. L. 1905, § 927, that a certain notice must be given by a county auditor before he sells lands for taxes, is mandatory, and calls for a purely ministerial act on the part of the auditor, the nonperformance of which renders a sale by him void, yet under the doctrine of caveat emptor, as applied to tax sales, the purchaser at such a sale is conclusively presumed to know of the existence of every defect in such proceedings; and hence, if, by reason of the auditor's failure to give the prescribed notice, the purchaser fails to obtain a valid title, it must be considered that the latter's own want of proper care and diligence, and not the neglect or default of the auditor, was the proximate cause of the purchaser's injury, so that the latter can have no recovery against the former therefor, in the absence of statute to such effect.

**Statute inapplicable.**

In such a case the liability of the auditor is neither enlarged nor diminished by R. L. 1905, § 4533, providing that an official bond shall be security to all persons severally for the official delinquencies against which it is intended to provide, and that any person injured thereby, or who is by law entitled to the benefit thereof, may sue thereon in his own name.

Action in the district court for Marshall county against defendant Malberg and the sureties upon his official bond to recover $3,500 upon the bond. From an order, Grindeland, J., sustaining defendants' demurrer to the complaint, plaintiff appealed. Affirmed.

*William G. White,* for appellant.

*F. A. Grady,* for respondent.

PHILIP E. BROWN, J.

This is an action, instituted after leave duly obtained, upon the official bond of the defendant Malberg as auditor of Marshall county, the other defendants being his sureties on the bond, and the appeal is from an order sustaining the general joint demurrer of the defendants to the complaint.

The bond here involved is in the usual form, conditioned that the defendant Malberg "shall well and faithfully discharge the duties of county auditor during his continuance in office," and the default alleged as constituting a breach of this condition consists of his failure to give the statutory notice, as required by R. L. 1905, § 927, of

a certain land tax sale at which the plaintiff became the purchaser of a tract of land, by reason of which default, it is alleged, the plaintiff's title to the land so purchased was rendered void and the plaintiff was damaged in a certain sum, alleged to be the same in amount as the stated value of the land. Aside from this irregularity, all proceedings necessary to vest the plaintiff with a valid tax title to the said land are alleged to have been duly had, and the plaintiff's cause of action is predicated solely upon the claim that he lost the title to the land and suffered damages because of the failure of the defendant auditor to give the notice of the said land tax sale.

1.   While probably not material in our view of the case, we will first advert to and dispose of a contention of the plaintiff to the effect that in this action the defendant auditor may be held liable, even if the sureties be excused. This contention cannot be sustained. The action is based squarely upon a breach of a statutory bond, and the terms of the bond define and determine the extent of the auditor's responsibility. County of Hennepin v. Jones, 18 Minn. 182 (199). And the following proposition, found in note 3, 91 Am. St. 503, is well sustained by the authorities: "Whatever may be the extent of the liability of an officer, personally or otherwise, outside of his bond, so far as his liability on the bond is concerned it is no greater nor less than that of his sureties on the instrument. The liability of both is measured by the terms of the bond, reasonably, but strictly, construed."

2.   This appeal might, perhaps, well be disposed of upon the ground that in any event no foundation is laid in the complaint for an assessment of damages; but we are not inclined to pursue this narrow view, for to do so would be to dispose of the case upon a mere technicality.

Coming, then, to the merits, the first question which the plaintiff insists is involved, as in effect stated by him, is: Did the failure of the defendant Malberg to perform the ministerial and official duty of giving the statutory notice of the tax sale, prescribed by R. L. 1905, § 927, and which clearly avoided the sale, render him and his sureties liable upon his official bond to the plaintiff, a purchaser at such sale, assuming that the plaintiff did suffer damage? In answering this question, we need not consider the liability of the sureties separately

from that of their principal; for, the action being upon the bond, the liability of the principal and that of the sureties is, as already declared herein, coextensive and interdependent. The only question, therefore, necessary here to be considered, is whether the defendant Malberg's alleged default renders him liable to this plaintiff.

"Before making such a sale," declares the statute with regard to tax sales by a county auditor, "he shall give ten days' posted notice thereof * * * and two weeks' published notice." This statute, as claimed by the plaintiff, is not only mandatory, but the giving of the prescribed notice is a jurisdictional prerequisite to the right of the auditor to sell the lands, and the failure to give the notice renders the sale void. McCord v. Sullivan, 85 Minn. 344, 88 N. W. 989, 89 Am. St. 561; Olson v. Phillips, 80 Minn. 339, 83 N. W. 189. The giving of the notice is, furthermore, a purely ministerial duty, and calls for the exercise of no discretion on the part of the auditor. Wherefore it is argued by the plaintiff that the defendant Malberg is liable, under the doctrine that a public officer is answerable to any one injured by his nonperformance of a merely ministerial duty, and this without regard to the motives of such officer and without reference to any question of corruption—a doctrine which must be conceded to be sound and well established by the authorities. See Amy v. Supervisors, 11 Wall. 136, 20 L. ed. 101; Raynsford v. Phelps, 43 Mich. 342, 5 N. W. 403, 38 Am. Rep. 189; Owen v. Hill, 67 Mich. 43, 34 N. W. 649; 29 Cyc. 1455; 2 Cooley, Torts (3d ed.) §§ 442–445; 5 Thompson, Negligence, § 6386. But it by no means follows from the above that this particular defendant is liable to this particular plaintiff; for their relation brings them within the operation of another doctrine equally as well settled as those above referred to; and which declares nonliability, namely, the doctrine of caveat emptor as applied to tax sales. We might dispose of this point by the mere citation of authority, as we have been referred to at least one case which squarely determines all of the plaintiff's contentions against him (see Hamilton v. Valiant, 30 Md. 139), and there are others which we deem equally as conclusive to the same effect (see Lindner v. City, 116 La. 372, 40 South. 736, 7 An. Cas. 919), and, furthermore we find no authorities to the contrary; but counsel for

the plaintiff has so earnestly contended that this doctrine, no matter how often generally declared, can have no just or logical application to the present case, that we deem it advisable to consider the matter at some length.

That the doctrine of caveat emptor applies to tax sales generally is so well settled that citation of authority is scarcely necessary to this proposition in the abstract. The plaintiff concedes this, and cites a Minnesota case to such effect. See Coles v. County of Washington, 35 Minn. 124, 27 N. W. 497. The rule is well stated in American v. Beadle County, 5 S. D. 410, 59 N. W. 212, as follows: "It seems to be a general rule, at common law, laid down by the text-writers and applied by the courts, that one who buys land at a tax sale is never a bona fide purchaser, and that, if his title fail for any reason, he has no remedy against the municipality for whose benefit the land was sold, independent of a statutory provision affording him relief. The authority of the officer to sell at tax sale is derived wholly from the statute, and is a naked power, with which no interest is coupled. The rule of caveat emptor applies with all its force to a purchaser at such sale, who pays his money voluntarily, with the expectation of procuring the property at a grossly inadequate price, or of securing an exorbitant profit upon the investment in case the property is redeemed. Knowing that tax titles are to some extent uncertain, and that they usually depend upon numerous contingencies, he engages his means in speculation, and assumes the liability of having his title prove to be worthless; and in that event he cannot, in the absence of a statute, recover the amount he has paid, in an action against the county." And so, also, in City v. Humphrey, 84 Ind. 467, it is declared that "the general rule is beyond dispute that the purchaser at a tax sale assumes all risk, and, except as he may be vested by force of statutory provision with the lien which the state or municipality holds against the property of the delinquent taxdebtor, he is without remedy if he fails to obtain a good title under his purchase." See, also, Harding v. Auditor General, 136 Mich. 358, 99 N. W. 275; State v. Casteel, 110 Ind. 174, 11 N. E. 219; Minnesota v. Beadle, 18 S. D. 431, 101 N. W. 29; Pennock v. Douglas, 39 Neb. 293, 58 N. W. 117, 27 L.R.A. 121, 42 Am. St. 579, and note at page 588; 2

Cooley, Taxation (3d ed.) 919, 921; Desty, Taxation, § 850; Blackwell, Tax Titles, § 643.

But counsel for the plaintiff, while admitting the rule as above stated, insists that it should not be applied to the case at bar, wherein the defect was in the proceedings leading up to the sale, and that it should be confined to the condition of the title which the officer offers for sale. It is insisted that the officer, at least in effect, warrants the regularity of his own acts, and will not, when called to account for his neglect, be heard to say to the purchaser: "You took your chances of the performance of my official duty, and, if my neglect of duty has damaged you, it is your fault and not mine." And yet this is, in effect, exactly what the law itself says.

"A tax sale," said the court, in Lindner v. City, 116 La. 372, 40 South. 736, 7 An. Cas. 919, "in the absence of special legislation to the contrary, is generally held to be subject to the rule of caveat emptor, and the purchaser assumes the risk of all illegalities and irregularities in the proceedings, of which, as they are open to his inspection, he is presumed to have notice." In that case the irregularity complained of was similar to that here involved, namely, insufficient advertisement, and it was sought to recover from the municipality the value of the property and the expenditures of the plaintiff with respect thereto; but it was held that there could be no such recovery. It is true that the action was against the municipality, whereas in the case before us the action is against the officer; and the plaintiff's counsel argues that this is a proper ground of distinction, and that the officer may be held liable, though the municipality may not. But we think the distinction is immaterial. In either case a conclusive presumption of notice obtains, and the question, in its last analysis, is resolved into one of proximate cause, which is unquestionably an essential element in every case where one person seeks damages for the noncontractual wrongs of another, and if the damage was not caused by the act complained of there can be no recovery.

Such being the case, how can the plaintiff recover when he is conclusively presumed to have been aware of the defendant auditor's neglect before he purchased the property? Can it be said in such

a case that the damage was caused by the defendant's neglect? Is it not manifest that it was the result of the plaintiff's own fault? Such, in effect, is the reasoning of Hamilton v. Valiant, supra, a case on all fours with the one in hand. "The appellant," said the court in that case, "either became the purchaser of the property in question with a knowledge that the appellee had failed in the proper discharge of his duty by the omission to give the required notice, or was himself guilty of negligence in buying without inquiry and examination. In either aspect he will not be regarded in law as an innocent sufferer— blameless of having brought upon himself, by a want of proper care and diligence, the very wrong of which he complains."

It is true, as urged by the plaintiff, that in certain cases of execution sales, which may be admitted to be in some respects analogous to tax sales (see Sexton v. Nevers, 20 Pick. [Mass.] 451, 32 Am. Dec. 225; Friedlander v. Bell, 17 La. An. 42; Fleming v. Lockart, 10 Mart. O. S. [La.] 308), and also in cases where an officer has failed to register or index deeds to lands (see 34 Cyc. 1021), the officer has been held liable to the purchaser or incumbrancer for failure to comply with the requirements of the law; but it does not follow that a recovery could be had in such cases in the face of a showing that the injury was caused by the plaintiff's own neglect or that he acted with full knowledge of the officer's neglect complained of. If a further differentiation were necessary, it would be sufficient to say that in the case of a register of deeds the duty to record is owed primarily to all who shall subsequently have occasion to examine the records, whereas the duty to give notice of a tax sale is owed to the state, for whose benefit the sale is to be made, and to the property owner whose property is to be sold, and not to the tax purchaser; and in the case of an execution sale it is sufficient to say that the officer's position is more nearly analogous to that of a private vendor than is that of an officer selling for taxes, and that at an execution sale the purchaser pays approximately what the property is worth, whereas at a tax sale he buys at what usually amounts to a merely nominal price, with the certainty of an exorbitant profit whether his title holds or fails. Such being the nature of tax sales, no intendment is indulged in favor

of the purchaser thereat, and, if he does not obtain the property itself, his only remedies are those specifically provided by statute.

The theory upon which a public officer is held liable to private individuals for official neglect or misfeasance with respect to ministerial duties is closely aligned to the doctrine of negligence, being, indeed, generally referred thereto. See 5 Thompson, Negligence, c. 155; Street, Foundations of Legal Liability, 184; 2 Dunnell, Minn. Dig. § 6976. And, such being the case, it seems to us proper, also, to apply to such cases the doctrine of contributory negligence, or at least to apply the doctrine of proximate cause to the extent of holding that where one, knowing of an officer's default or charged with notice thereof, nevertheless goes ahead and changes his position to his injury, it shall be deemed that his damage was the result of his own fault, and hence not actionable. To hold otherwise would be "virtually to allow a man to recover for self-inflicted injuries." Thompson v. Libby, 36 Minn. 287, 31 N. W. 52, wherein the principle above announced was applied in an action between private individuals for fraud or deceit. It makes no difference that the duty violated is a statutory one, for it is settled in this state that, in the absence of a clear legislative intent to the contrary, the defense of contributory negligence is available in such a case. Schutt v. Adair, 99 Minn. 7, 108 N. W. 811. And the same rule would apply, whether the defendant's default may technically be termed negligence, and the plaintiff's fault contributory negligence, or not.

The doctrine is well stated in Owen v. Hill, 67 Mich. 43, 34 N. W. 649. In that case it was held that a surety on a bond given to secure the performance of a contract for building a school house could not recover of the district trustees for moneys due him for materials furnished in the erection of the building, because of their failure to require the contractor to execute the statutory bond provided for in such cases. The liability of an officer for neglect in the performance of ministerial duties was expressly declared, and materialmen were held to be within the protection of the statutory requirement; but the plaintiff's injury was held to have been due to his own fault, thus precluding a recovery. "His relations to the parties to the contract," said the court, referring to the plaintiff, "were such that he must be

held to be chargeable with notice that no bond was required by the board of trustees; and if he furnished material, not upon the presumption that such bond existed for his protection, but knowing the contrary, and upon the credit of the contractor, he is not in a situation to hold the individuals composing the board liable for negligence in not requiring the bond. The requirement of the statute was intended as a shield for the protection of the innocent, and not as a sword in the hands of one chargeable with notice of its violation."

We hold that, in the due application of the rule of caveat emptor to tax sales, the purchaser at such a sale must be deemed to know of the existence of every defect in the proceedings, and hence that if he purchases, and thus suffers loss because of the neglect of the officer to perform some ministerial duty, it must be considered that the proximate cause thereof was not the neglect or default of the officer, but the want of proper care and diligence on the part of the purchaser, and that the latter is without remedy, except as specifically provided by statute.

3. The plaintiff suggests that R. L. 1905, § 4533, authorizes a recovery in this action. This statute provides that an official bond shall be security to all persons severally for the "official delinquencies against which it is intended to provide," and that any person injured thereby, or who is by law entitled to the benefit thereof, may sue thereon in his own name. The statute, as applied to this case, in no wise enlarges or diminishes the common-law liability of the defendant auditor; for, as we have already pointed out, the plaintiff cannot be held to have been injured by the act of such defendant complained of. R. L. 1905, § 972, moreover, specifically gives the plaintiff a remedy by which the land in question may be charged with a lien for all moneys paid out by him upon the purchase thereof, with costs, penalties, etc., and fairly indicates that, so far as the "official delinquencies" of an auditor in the matter of tax sales are concerned, of the nature here involved, the remedy thereby provided is intended to be exclusive.

Order affirmed.