# F. H. WELLCOME COMPANY v. COUNTY OF MARSHALL.[1]

May 18, 1928.

No. 26,674.

**Subsequent tax sales of unredeemed lands bid in by the state at a prior sale are invalid.**

1. Lands bid in by the state on a delinquent tax judgment sale and not assigned by it or redeemed are not to be placed on the delinquent tax list for judgment and sale for subsequent delinquent taxes; and their inclusion therein invalidates the certificates issued pursuant to the latter sale.

**Refundment to purchaser at tax sale governed by § 2177.**

2. G. S. 1923, § 2177, specifies the exclusive cases in which a purchaser at a tax sale may have a refundment.

**In other cases lien of state passes to the purchaser.**

3. In other cases where the certificates at tax sales prove to be invalid the lien of the state passes to the purchaser, who may resort to the property.

**Caveat emptor applies to tax sales.**

4. The doctrine of caveat emptor applies to purchasers at tax sales.

**When action for money had will not lie.**

5. When certificates issued to a purchaser at a tax sale prove to be invalid he has no remedy against the municipality for whose benefit the land is sold in the absence of a statutory provision affording him relief. He cannot maintain an action against the municipality for money had and received.

Taxation, 37 Cyc. p. 1358 n. 3; p. 1525 n. 12; p. 1526 n. 18, 20; p. 1531 n. 67.

See note in 31 L.R.A.(N.S.) 1141; 26 R. C. L. 435.

Action in the district court for Marshall county to recover the amount of money paid by plaintiff to defendant for certain tax sale certificates. A demurrer to the complaint was sustained, Grinde-

[1]Reported in 219 N. W. 545.

land, J. and plaintiff appealed from the judgment entered thereon. Affirmed.

*R. G. Patton, Egbert S. Oakley, Christian G. Dosland* and *Goodwin LeRoy Dosland,* for appellant.

*W. O. Braggans,* County Attorney, for respondent.

WILSON, C. J.

Plaintiff appealed from the judgment entered upon an order sustaining a demurrer to its complaint upon the ground that neither cause of action alleged states facts sufficient to constitute a cause of action.

At the annual tax sale May 14, 1923, plaintiff purchased certain tax liens for 1921 taxes. Thereafter plaintiff paid and had entered on the copy tax judgment book as a part of the lien of the respective tax certificates issued to it at said tax sale certain subsequent delinquent taxes. This was the basis of the first cause of action.

At the annual tax sale May 10, 1920, the Yellow Medicine County Bank of Granite Falls purchased certain tax liens for 1918 taxes. Likewise at the May 12, 1919, annual tax sale said bank purchased certain tax liens for 1917 taxes. The bank sold and assigned all its certificates to plaintiff. This is the basis of the second cause of action.

The action seeks to recover all that plaintiff and its grantor paid to the county with interest.

1. All such sales were erroneously made in that all the lands at the time of the respective sales had "theretofore been bid in by the state and not assigned by it or redeemed." These lands should not have been included in the delinquent list. G. S. 1923, § 2106; Forbes v. Stream, 117 Minn. 484, 136 N. W. 304. Their inclusion therein invalidates the certificates issued pursuant to the later sale.

2. A purchaser at such a sale may have a refundment of money paid at a tax sale when it appears: (a) That the land was exempt from taxation; (b) that the taxes were paid before sale; (c) that the assessment of the property or levy of the tax is void. G. S. 1923, § 2177. But the statute does not provide for a refundment to one in plaintiff's situation.

3.    The legislature has provided that when such certificates prove to be invalid for causes other than specified in § 2177 the lien of the state is passed to such purchaser, who may resort to the property. §§ 2148, 2185, 2191.    Blakeley v. L. M. Mann Land Co. 153 Minn. 415, 190 N. W. 797; Downing v. Lucy, 121 Minn. 301, 141 N. W. 183, Ann. Cas. 1914C, 755; Glaze v. Stryker, 135 Minn. 186, 160 N. W. 490; Kipp v. Love, 128 Minn. 498, 151 N. W. 201.

4.    The doctrine of caveat emptor applies to purchasers at tax sales.    Foster v. Malmberg, 119 Minn. 168, 137 N. W. 816, 41 L.R.A.(N.S.) 967, Ann. Cas. 1914A, 1116.

5.    A person who buys at tax sales is not a bona fide purchaser. In the absence of statutory provision affording him relief, he has no remedy against the municipality for whose benefit the land is sold in case his title fails for any reason.    In such a situation he is without a remedy.    Foster v. Malmberg, 119 Minn. 168, 137 N. W. 816, 41 L.R.A.(N.S.) 967, Ann. Cas. 1914A, 1116, and cases cited; Fry v. County of Morrison, 136 Minn. 225, 161 N. W. 511.    The rule is so well established that it forbids a holding that such purchaser may successfully prosecute an action, arising out of such transaction, for money had and received.

Affirmed.