FAIR, J.,
for the Court:
¶ 1. Kay Tiblier, a resident of California, failed to pay the 2006 ad valorem taxes on real property in Jackson County, Mississippi. On August 27, 2007, Debra Davis purchased the property at a tax sale. Ti-blier, who had been suffering from Alzheimer’s disease, died on June 22, 2009. The chancery clerk mailed notice of the expiration of the redemption period to Ti-blier’s last known address on June 26, 2009. The notice was returned “unclaimed.” Davis subsequently received a tax deed to the property, and Tiblier’s estate filed this action to set it aside.
¶ 2. The chancery court granted summary judgment to the estate, finding that the chancery clerk had failed to strictly adhere to the statutory notice requirements. Davis appeals, and we affirm.
STANDARD OF REVIEW
¶ 3. We review the grant of a summary judgment de novo. Davis v. Hoss, 869 So.2d 397, 401 (¶ 10) (Miss.2004). Sum *183 mary judgment shall be granted “if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). Evidence is viewed in the light most favorable to the party opposing the motion. Davis, 869 So.2d at 401 (¶ 10).
DISCUSSION
¶ 4. Mississippi Code Annotated section 27-43-1 (Rev.2010) states that in a tax sale:
The clerk of the chancery court shall, within one hundred eighty (180) days and not less than sixty (60) days prior to the expiration of the time of redemption ... be required to issue notice to the record owner of the land....
The requirements of the notice of redemption are laid out in Mississippi Code Annotated section 27-43-3 (Rev.2010). For non-resident owners, notice must be published in the county where the property is located. Notice must also be attempted by mail:
The clerk shall also mail a copy of [the notice] to the reputed owner at his usual street address, if same can be ascertained after diligent search and inquiry, or to his post office address if only that can be ascertained....
[[Image here]]
Notice by mail shall be by registered or certified mail. In the event the notice by mail is returned undelivered ... the clerk shall make further search and inquiry to ascertain the reputed owner’s street and post office address. If the reputed owner’s street or post office address is ascertained after the additional search and inquiry, the clerk shall again issue notice as hereinabove set out.... [I]f notice by mail is again returned undelivered, then the clerk shall file an affidavit to that effect and shall specify therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner’s street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sales record. If the clerk is still unable to ascertain the reputed owner’s street or post office address after making search and inquiry for the second time, then it shall not be necessary to issue any additional notice but the clerk shall file an affidavit specifying therein the acts of search and inquiry made by him in an effort to ascertain the reputed owner’s street and post office address and said affidavit shall be retained as a permanent record in the office of the clerk and such action shall be noted on the tax sale record.

Id.

¶5. At issue is the adequacy of the chancery clerk’s attempt to notify Tiblier by mail. The notice was timely mailed to Tiblier at an address in California she had used in the past. It was returned “unclaimed,” presumably because Tiblier had moved from that address some years before and had died before the notice was mailed. The chancery clerk treated the notice as “undelivered” per the statute but neglected to produce affidavits documenting any subsequent efforts to locate Tiblier.
¶ 6. Assuming the first mailing was properly treated as undelivered, the chancery clerk clearly failed to comply with the statute. “Statutes dealing with land forfeitures for delinquent taxes should be strictly construed in favor of the landowners. Any deviation from the statutorily mandated procedure renders the sale void.” Reed *184 v. Florimonte, 987 So.2d 967, 973 (¶ 15) (Miss.2008) (citations omitted).
¶ 7. Davis’s argument on appeal is that the notice, returned “unclaimed,” was not “undelivered” under the statute. Thus, she contends the statutory notice requirements were met and no affidavits were required. However, Davis has presented no authority to support her position. Our own review of the caselaw shows that we have repeatedly treated unclaimed mail as undelivered under the statute. See Johnson v. Ferguson, 58 So.3d 711, 713 (¶ 3) (Miss.Ct.App.2011); Moore v. Marathon Asset Mgmt., LLC, 973 So.2d 1017, 1021 (¶ 15) (Miss.Ct.App.2008); Lawrence v. Rankin, 870 So.2d 673, 675 (¶ 7) (Miss.Ct.App.2004). Moreover, we have no reason to believe that treating unclaimed as undelivered is unfair or inconsistent with the statute’s purpose: “ ‘[Unclaimed’ simply means that the Postal Service was unsuccessful in delivering the mailing ..., whether because delivery was attempted at the wrong address, the [addressee] simply was not home at the time the Postal Service attempted delivery, or some other reason.” Bloodgood v. Leatherwood, 25 So.3d 1047, 1050 (¶ 15) (Miss.2010). In fact, the United States Supreme Court has held that when the mailed notice of a tax sale is returned “unclaimed,” additional efforts to locate the owner are constitutionally required. Jones v. Flowers, 547 U.S. 220, 225, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) (also equating unclaimed and undelivered). We find no merit to Davis’s argument on this issue.
¶ 8. Davis also contends, apparently for the first time on appeal, that the estate’s suit to set aside the tax deed was not timely filed. The statute of limitations is an affirmative defense that was waived by the failure to timely raise it in the trial court. See Spann v. Diaz, 987 So.2d 443, 448 (¶¶ 13-15) (Miss.2008). This argument is also without merit-Davis confuses the statute of limitations for filing a lawsuit with the redemption period following a tax sale.
¶ 9. Davis next alleges impropriety in a Jackson County chancellor hearing the case because a former Jackson County supervisor—apparently a relative of Tiblier—was involved in the dispute. There is no evidence in the record to support these claims, and this contention is without merit. Moreover, motions for recusal of a chancellor must be filed within “30 days after the filing party could reasonably discover the facts underlying the grounds” for recusal. UCCR 1.11. Davis’s failure to object in the trial court waives any objection on appeal. See Foster v. State, 716 So.2d 538, 540 (¶ 7) (Miss.1998).
¶ 10. Finally, Davis argues that the result is simply unfair. She complains of the expense of this litigation and of her being blameless for the failure to provide notice, while having no recourse against the chancery clerk. On this point, we can only direct Davis to the decision of the Mississippi Supreme Court in Everett v. Williamson, 163 Miss. 848, 854-55, 143 So. 690, 692 (1932), where it was held:
At a tax sale the bidders or purchasers of the land or property offered for sale are chargeable with notice and knowledge of the existing statutory requirements for a valid sale, and the statutory conditions upon which a valid deed may be acquired; and must be held to have purchased subject to such statutory provisions.
It has also been said:
The rule of caveat emptor applies with all its force to a purchaser at [a tax sale], who pays his money voluntarily, with the expectation of procuring the property at a grossly inadequate price, *185 or of securing an exorbitant profit upon the investment in case the property is redeemed. Knowing that tax titles are to some extent uncertain, and that they usually depend upon numerous contingencies, he engages his means in speculation, and assumes the liability of having his title prove to be worthless!.]
Foster v. Malberg, 119 Minn. 168, 137 N.W. 816, 817 (Minn.1912).
¶11. THE JUDGMENT OF THE CHANCERY COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. JAMES, J., NOT PARTICIPATING.