For reasons assigned, the judgment appealed from is affirmed.

---

(40 South. 736.)

No. 15,916.

LINDNER v. CITY OF NEW ORLEANS.

(April 9, 1906.)

TAXATION — TAX SALE — CAVEAT EMPTOR — REMEDY OF PURCHASER.

A tax sale, in the absence of special legislation to the contrary, is subject to the rule caveat emptor, and the purchaser has no recourse in case of eviction against the municipality under the authority of which the sale has been made, either for damages or for reimbursement of the price. His only remedy is to be found under the provisions of article 233 of the Constitution.

[Ed. Note.—For cases in point, see vol. 45, Cent. Dig. Taxation, §§ 1619–1621.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by John F. Lindner against the city of New Orleans. Judgment for defendant and plaintiff appeals. Affirmed

Theodore Cotonio, for appellant. Henry Garland Dupré, Asst. City Atty., for appellee.

Statement.

MONROE, J. Plaintiff alleges that at a tax sale made under the authority of the city

of New Orleans, he purchased certain property from which he was subsequently evicted, at the suit of the owner, because the sale had not been sufficiently advertised, and he prays for judgment against the city for $7,500, as the amount for which the property has recently been sold by the owner, and for $122.50 and $500, amounts expended by him in the payment of costs and attorney's fees, respectively, in the suit mentioned; and the defendant having interposed the exception of no cause of action, he (plaintiff) appeals from a judgment maintaining the same and dismissing his suit.

## Opinion.

It appears that in the litigation with the owner of the property, plaintiff recovered the amounts paid by him therefor, together with costs and interest, as provided by article 233 of the Constitution of 1898. This being the remedy provided by our fundamental law, he has no standing for the prosecution of this suit, and even had he not availed himself of the remedy so provided, the case would be the same since the fault would have been his. A tax sale, in the absence of special legislation to the contrary, is generally held to be subject to the rule caveat emptor, and the purchaser assumes the risk of all illegalities and irregularities in the proceedings, of which, as they are open to his inspection, he is presumed to have notice.

He is therefore without recourse against the municipality at the instance of which the sale is made, and which, not pretending to sell its own property, warrants neither the title nor the return of the price. 2 Cooley on Taxation (3d Ed.) pp. 919, 921, 1512; Desty on Taxation, § 850; Black on Tax Titles, c. 30, § 463; Hamilton v. Valiant, 30 Md. 139; Pennock v. Douglas County, 39 Neb. 293, 58 N. W. 117, 27 L. R. A. 121, 42 Am. St. Rep. 579; Budge v. City of Grand Forks (N. D.) 47 N. W. 390, 10 L. R. A. 165.

Judgment affirmed.