# DECISIONS COURT OF APPEAL.

## Parish of Orleans.

### 4343.

(Court of Appeal, Parish of Orleans.)

**P. G. RIDDELL vs. CITY OF NEW ORLEANS.**

Appeal from the First City Court, Division "B."

F. W. Hart, for plaintiff and appellant.

A. M. Buchmann for defendant and appellee.

ST. PAUL, J. (sitting alone)—It no where appears herein under what statute the property was sold. If under Act No. 93 of 1896 the last clause of Section 5 of that act clearly recognizes "the liability and guarantee of a municipal corporation for the refunding of the price of sale" where cannot be delivered. And Act No. 41 of 1896 distinctly recognizes the liability of the State itself under similar circumstances.

But independently of special statutes I am of opinion that a purchaser at tax sale, who afterwards discovers that the property sold to him does not exist, is entitled to return of the price paid at such sale. Likewise if taxes be paid on property which does not exist the taxpayer who afterwards discovers his error is entitled to be reimbursed.

Thus if one be assessed for a horse and to enforce collection of the tax the horse be sold, the purchaser is en-

titled to receive the horse. If, therefore, before the sale the horse had died the purchaser should be entitled to the return of the price.

Civil Code, 2455, 2617, 2619.

In the same way, if one be assessed on a horse, and in his absence his clerk pay the taxes, he should be entitled to a return of the amount when he shows that in point of fact no such horse ever existed.

Civil Code, 2302.

At least such would be the law if it were a question of anything but taxes; and the inquiry naturally arises whether the State intends to lay down one rule of moral conduct for its citizens and another and different one for itself and the municipalities under its jurisdiction.

I do not think so, nor is it on the authority of courts of foreign jurisdictions that I would change my opinion even if anything decided by those courts might lead to that conclusion.

But there is nothing in the decisions cited to me which are in conflict with the well settled law of this State. It will be observed that in all the cases cited there was a **tax actually levied and property actually in existence** on which it was levied. Now the presumption always is that every tax levied by public authority is levied for the public good; that no more is ever taken in the way of taxes than what is strictly necessary to meet the public demands. Const. 1898, Art. 227. But on every citizen rests the moral obligation to contribute according to his means to the support and maintenance of the Government, and every species of property is primarily liable to taxation for that purpose.

Const., 1898, Art. 225.

Hence where a citizen voluntarily pays a tax actually levied and bearing on property which actually exists, which tax however, might have been resisted on some

— 4 —

techical ground, the presumption is that the payment "was made in consequence of the moral obligation and not from error as to his rights;" Hence he cannot recover what he has thus paid. But that rule is not peculiar to taxes and is laid down in our Civil Code as applicable to transactions of any nature. In order to recover money paid in error one must show that there was neither legal nor moral obligation where the payment was made.

### Civil Code, 1846, Nos. 1 and 6.

And it was the existence of this same moral obligation to pay a tax actually levied on property actually in existence which led the framers of the Constitution to provide that no sale of property for taxes should be annulled until the tax debtor had reimbursed to the purchaser the price paid representing the taxes which the owner was at least morally obliged to pay; which provision our courts have held has no application where the tax has actually been paid, i. e., where the moral obligation has actually been discharged.

### 44 An. 792.

Hence in **Lindner vs. City, 116 La. 372,** it was correctly decided that where there was property actually in existence the only remedy of the purchaser at a tax sale afterwards annulled, was to reclaim from the owner, the purchase price paid.

But when there is no property in existence and therefore no owner from whom the price paid can be recovered, that remedy cannot avail and hence there must be some other remedy, or there is no remedy at all.

But, I believe that there is another remedy. Where the property does not exist, there is neither legal or moral obligation on the part of any one to pay the tax, and **neither legal nor moral right** on the part of State or municipality to keep the tax when paid.

Taxes, or what is the same thing the price bid at a tax

sale, when paid under such circumstances, should in my opinion be refunded. And this opinion seems to be in accord with that held by the legislative body. (Act 93 of 1896, Sec. 5, Act 41 of 1896), nor do I find anything in conflict therewith in the jurisprudence of this State.

The exception of no cause of action herein filed is therefore overruled.

January 5, 1910.

## On Rehearing.

ST. PAUL, J.—I see no reason to change the views herein originally expressed, to-wit: that the city is liable for the return of taxes collected by it on property which in fact does not exist. But on the other hand I am of opinion that she is liable for those taxes only which she herself received, in other words, those which went into her own treasury; she is not liable for those taxes, which though collected by the City Treasurer, were none the less collected by him **under no authority derived from her** and which in fact were paid over to a separate department of government, the Board of Liquidation. The city received only ten twenty-seconds (10/22) of the taxes paid by plaintiff and is therefore liable only for that amount.

However, the city owes no interest except from the time when the refund became due and that was only from judicial demand.

It is, therefore ordered, that the judgment appealed from be reversed and it is now ordered that plaintiff, P. G. Riddell have judgment against the City of New Orleans for the sum of twenty-three dollars ($23.00), with legal interest from May 11, 1909, until paid and costs of both courts.

April 20th, 1910.

Rehearing granted, May 11, 1910.

Oral opinion rendered, October 19, 1910.