FOURNET, Justice.
 

 This case was previously before us on appeal from a judgment in favor of the plaintiff, decreeing that the tax sales of plaintiff’s property to the defendant Mrs. Vic A. Pitre were absolute nullities, and enjoining the tax purchaser from interfering with the plaintiff’s possession of the property, with the reservation to the defendant of any right she had for the reimbursement of the amount paid as the purchase price of the property. We remanded the case to the district court in order that the tax purchaser might be afforded an opportunity to prove the amount she had expended in the purchase of the property at tax sale, together with interest, costs and such other taxes, if any, which she had paid since that time because of the express provision in the Constitution of 1921 that “ * * * No judgment annulling a tax sale shall have effect until the price and all taxes and costs paid, with ten per cent per annum' interest on the amount of the price and taxes paid from date of respective payments, be previously paid to the purchaser * * Article X, Section 11. See Westwego Canal & Terminal Co., Inc. v. Pitre, 195 La. 107, 196 So. 36.
 

 When the case was returned to the lower court, however, plaintiff sought to amend its petition, alleging that the price of adjudication had never been paid by the tax purchaser but, in the alternative, if the amount had been paid that the sales, having been made in violation of the provisions of Act No. 94 of 1902, were null and void ab initio, and therefore she is not entitled to recover the amount of the purchase price.
 

 The trial judge ordered the supplemental petition stricken from the record, being of the opinion that, since the alternative issue raised in plaintiff’s supplemental petition was raised in the original petition and urged before this court on appeal, the matter had been finally adjudicated upon, as we had remanded the case to the lower
 
 *377
 
 court for the sole purpose of receiving evidence on and determining the amount paid for the property, together with interest, costs, and such other taxes, if any, subsequently paid by the tax purchaser. After due trial judgment was rendered in favor of the tax purchaser for the amount paid as the price of the adjudication — $1,764.61 —plus ten per cent per annum interest on the principal from November 13, 1937, until paid. Plaintiff appealed from this judgment.
 

 We find no error in the judgment of the lower court. The only exceptions to the provision of the Constitution above quoted, as shown in our original opinion, are “ * * * sales annulled on account of taxes having been paid prior to the date of sale.” Article X, Section 11.
 

 For the reasons assigned, the tax sales dated November 13, 1937, recorded in Book No. 139 of the conveyance records of Jefferson Parish, Folios 261 and 360, are decreed to be null and void and are ordered cancelled and erased upon the payment by plaintiff to the tax purchaser, Mrs. Vic A. Pitre, of the principal sum of $1,764.61, with ten per cent per annum interest thereon from November 13, 1937, until paid. The cost incurred in the lower court on the original trial of the case is to be paid by the defendant Mrs. Vic A. Pitre, and all costs incurred since, both in the lower court and this court, including the cost of appeal in the case 195 La. 107, 196 So. 36, are to be paid by the plaintiff.
 

 PONDER, J., absent.