MICHAEL ERIC KLEIN      *      NO. 2021-CA-0317

VERSUS      *

ALEX HENDERSON, III      *      COURT OF APPEAL

     FOURTH CIRCUIT

     *     

     STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-10284, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*
(Court composed of Judge Joy Cossich Lobrano, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Jonah A. Freedman
JONAH FREEDMAN LAW, LLC
700 Camp Street, Suite 316
New Orleans, LA 70130


     COUNSEL FOR PLAINTIFF/APPELLEE

Sharon K. Hunter
ATTORNEY AT LAW
2629 Dante Street
New Orleans, LA 70118


     COUNSEL FOR DEFENDANT/APPELLANT


         **AFFIRMED IN PART;
         REVERSED IN PART; AND
         REMANDED
         November 17, 2021**

This appeal involves a property dispute. Defendant/Appellant, Alex Henderson, III, appeals the district court's January 29, 2021 judgment, granting Plaintiff/Appellee's, Michael Eric Klein, motion for summary judgment. For the reasons discussed below, we affirm in part and reverse in part the district court's judgment, and remand the matter for further proceedings to be held consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 16, 2002, Rita H. Patterson donated property bearing municipal address 2825 Cherry Street, New Orleans, LA 70118 (the "Property") to "The Rita H. Patterson Revocable Living Trust" (the "Trust"). The act of donation of the Property was filed on August 19, 2002, in the Orleans Parish conveyance records. Attached to the act of donation was an extract of the document setting forth the Trust, which provided, in pertinent part:

> The undersigned hereby certifies that she created a Revocable Living Trust. This Trust is known as: **THE RITA H. PATTERSON REVOCABLE LIVING TRUST,** dated the 16 day of July, 2002, RITA H. PATTERSON, Settlor and Trustee, resides at 209 40th Street of New Orleans, State of Louisiana, the Parish of Orleans.
>
> **IT IS AGREED BETWEEN THE PARTIES HERETO AS FOLLOWS:**

1

Description of Trust, in accordance with amended Louisiana Revised Statute 9:2092

The party hereto desires to confirm the establishment of a Revocable Trust on this date, for the benefit of the Settlor and containing herein the following provisions:

1. The Settlor is designated as the Trustee to serve until her death, resignation or incompetence.

2. Upon the end of the terms of the original Trustees, **INGRID C. FOSTER** is designated as First Successor Trustee.

3. Any Trustee/Settlor has the power and authority to manage and control, buy, sell, and transfer the trust property, in such manner as the Trustee may deem advisable, and shall have, enjoy and exercise all powers and rights over and concerning said property and the proceeds

\* \* \*

7. The following described immovable property is subject to this trust.

a. Land and improvements on property located at 209 40th Street, New Orleans, Orleans Parish, Louisiana.

b. Land and improvements on property located at 2825 Cherry Street, New Orleans, Orleans Parish, Louisiana.

As reflected in the excerpt of the Trust, Ms. Patterson was both the settlor and trustee. When Ms. Patterson passed away in 2008, Ingrid C. Foster, became the first successor trustee.

In October of 2009, the City of New Orleans (the "City") sent a delinquent tax notice via first class mail to "Foster Ingrid C ET AL" at municipal address 2825 Cherry St., New Orleans, LA 70118. The notice was returned to the City on October 8, 2009, stamped "RETURN TO SENDER, VACANT, UNABLE TO FORWARD." On October 30, 2009, the City sent a notice of tax sale via certified mail to "Foster Ingrid C ET AL" at 2825 Cherry St., New Orleans, LA 70118-1712. On November 11, 2009, the notice was returned to the City, stamped

"RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD."

On December 3, 2009, the Property was sold via tax sale by the City to Mr. Henderson and a tax sale certificate/deed ("tax sale deed") was recorded in the Orleans Parish conveyance records on January 25, 2010. The tax sale deed, which was issued to Mr. Henderson, reflected that separate notices of the delinquency and the tax sale were sent to "Foster Ingrid C ETAL" at the Property and two advertisements of the sale were posted.[1] The tax sale deed further provided that the redemption period on the property was three years. Mr. Henderson maintained possession of the property and paid the property taxes following the tax sale.

On June 11, 2018, the Trust sold the Property to Mr. Klein for $1,000.00 per act of Cash Sale of Property filed in the Orleans Parish conveyance records on June 12, 2018. Ms. Foster, as the first successor trustee, represented and signed on behalf of the Trust. Also, on June 11, 2018, Mr. Klein posted a "10 DAY NOTICE TO VACATE" on the Property directed at Mr. Henderson.

On June 19, 2018, Mr. Henderson filed a "Petition to Quiet the Title" on the Property naming Ms. Foster as the owner in "*Alex Henderson, III v. Ingrid C. Foster*" CDC #2018-6042, Div. B-5. Mr. Henderson requested service on Ms. Foster via long arm statute to P.O. Box 873, Marietta, GA 30061; this address for Ms. Foster was reflected in the Cash Sale document between Mr. Klein and the Trust. On November 27, 2018, Mr. Henderson, filed a motion requesting a default judgment be entered against Ms. Foster. The return of service filed in the record indicated the service on the motion for default via long arm statute was unclaimed.

---

[1] Although the tax sale deed reflects the tax sale was advertised on November 21 and 28, 2009, respectively, the record is devoid of any pre-sale advertisement.

On November 30, 2018, the district court confirmed the default and rendered judgment in favor of Mr. Henderson, granting him sole ownership of the Property.

On October 12, 2018, Mr. Klein filed a petition to nullify the tax sale, to declare himself the owner of the Property, to evict Mr. Henderson from the Property, and to order Mr. Henderson to deliver possession of the Property to Mr. Klein. Mr. Klein alleged the tax sale to Mr. Henderson was an absolutely nullity for lack of pre and/or post tax sale notice to the Trust. The petition was served on Mr. Henderson. Following, Mr. Klein filed a supplemental and/or amended petition to nullify the judgment rendered on November 30, 2018. Mr. Henderson filed an answer to the petition.

On April 22, 2019, Mr. Klein filed his first motion for summary judgment. Mr. Klein argued that the November 30, 2018 default judgment rendered in favor of Alex Henderson, III in the matter entitled "*Alex Henderson, III v. Ingrid C. Foster*" CDC #2018-6042 be declared an absolute nullity on three pertinent grounds: (1) the City's failure to provide notice of the tax delinquency; (2) the City's failure to take additional steps to notify the property owner after the original letters were returned unclaimed; and (3) Mr. Henderson's failure to file an affidavit of long arm service with an attached return receipt and wait thirty days before confirming a default judgment. Mr. Klein also requested that the district court issue a preliminary order of nullity in accordance with La. R.S. 47:2291; that Mr. Henderson be ordered evicted from 2825 Cherry Street; that Mr. Henderson be ordered to deliver the Property to Michael Eric Klein; and that Mr. Henderson be ordered to submit proof of price, costs and statutory imposition within 16 days of the judgment.

In opposition, Mr. Henderson argued that he was the bona fide owner of the Property, having bought the Property at a tax sale; he had over nine (9) years of uninterrupted possession on the Property; he had continued to pay said property taxes through 2018; and he had maintained and secured the Property since the payment of the initial delinquent taxes in 2010 through the present.

In June of 2019, a hearing was held on Mr. Klein's first motion for summary judgment; however, at the request of counsel for Mr. Henderson, the district court recessed the matter for thirty days (30) to allow discovery. The hearing commenced on August 16, 2019. At the hearing, the district court instructed Mr. Klein that the City was a necessary party to the lawsuit to nullify the tax sale. On September 3, 2019, the district court judge signed a judgment, granting, in part, and denying, in part, Mr. Klein's first motion for summary judgment. The district court nullified the November 30, 2018 default judgment, wherein Mr. Henderson was granted ownership of the Property via his Petition to Quiet the Title on the Property, but denied all other relief. The district court adjudged it a final judgment. No appeal was taken.

In September 2019, Mr. Klein, through his attorney, sent a letter to Mr. Erroll Williams, Orleans Parish Assessor (the "Assessor"), requesting that the tax sale be cancelled pursuant to La. R.S. 47:1991[2] for erroneous assessment. The Assessor responded, explaining:

---

[2] La. R.S. 47:1991 provided in pertinent part:

> A. Upon a statement of the facts made under oath, verified and approved by the assessor of the parish or district in which the property is situated, that the assessment is a clerical error, or an erroneous or double assessment, or that the property is exempt by the Louisiana Constitution from taxation, the affidavit being accompanied by the rendition made by the taxpayer on such property for the current year, where the affidavit explains the clerical error; shows in detail the erroneous assessment; and shows the assessment number in the double

5

The facts forming the basis for your request are:

(1) In tax year 1998, my office changed the name of the owner of the property to Ingrid C. Foster et al. for some unknown reason and the et al. is unknown.
(2) An Act of Donation, donating the subject property from Rita H. Patterson to the Rita H. Patterson Revocable Living Trust was recorded in conveyance records as N.A. # 2002-41627 on August 19, 2002.
(3) The Extract of Trust named Ingrid C. Foster as successor trustee of the Rita H. Patterson Revocable Living Trust, and my office entered erroneous N.A. #2002-11627 for the Donation in our records.
(4) The property was sold at tax sale to Alex Henderson, III and recorded on January 25, 2010 under N.A. #2010-03722[.]
(5) The ownership remained in the name of Ingrid C. Foster et al on our records until the property was sold by the Trust to Michael Klein on June 11, 2018.

The Assessor continued, denying the request to cancel:

The facts presented do not involve an erroneous assessment [pursuant to La. R.S. 47:1991]. The error made by the District 7 Assessor in tax year 1998 was in identifying the owner of the property. The assessment of the property depends on its value and not on its ownership. Under the circumstances you describe, my office is unable [to] process your request for cancellation of the tax sale.

In October of 2019, Mr. Klein filed an amended petition, naming the Assessor and Norman White, Chief Financial Officer of the City of New Orleans and *Ex-Officio* Tax Collector for Orleans (the "City") as defendants.[3] Instead of

---

assessment; the Tax Commission shall authorize and direct the collector to correct the assessment on the roll on file in his office. Additionally when such notification is issued, the Tax Commission shall authorize and direct the recorder of mortgages to change the inscription of the tax mortgage.

* * *

C. In case property erroneously assessed has been sold for taxes and adjudicated to a third party, the Tax Commission auditor shall authorize and direct the recorder of mortgages to cancel the sale. In case, however, the property has been bid in for adjudication to the state, the register of the State Land Office shall cancel the sale upon his records and direct the recorder of mortgages to cancel the act or deed of adjudication upon his records.

[3]The amended petition provided in pertinent part:

40.

At all relevant times, both the District 7 Assessor's Office and current Orleans Parish Assessor Office failed to use "reasonable efforts to list on the tax roll all co-owners of record of the property" in accordance with La. R.S. 47:2126.

requesting cancellation pursuant to La. R.S. 47:1991, as he previously had, Mr. Klein prayed that the tax sale to Mr. Henderson be canceled pursuant to La. R.S. 47:2153(C)(1), which will be more fully discussed *infra*.

On November 9, 2020, Mr. Klein filed his second motion, seeking summary judgment on the following grounds:

- The City be ordered to cancel the December 3, 2009 tax sale sold to Mr. Henderson and the corresponding Tax Sale Deed "filed under NA #2010-03722 and CIN 448893" pursuant to La. R.S. 47:2153;

- In the alternative to the above-referenced cancellation order, that the December 3, 2009 tax sale and the corresponding Tax Sale Deed purchased by Mr. Henderson, filed under NA #2010-03722 and CIN 448893 be declared redemption nullities, that the Court issue a preliminary order of nullity, and that Mr. Henderson be ordered to submit proof of the price, statutory impositions, and costs paid, within fifteen days of the mailing of the notice of judgment, all in accordance with La. R.S. 47:2291; and

- That Mr. Henderson be ordered evicted from 2825 Cherry Street and ordered to deliver possession of the same to Mr. Klein.

In support, Mr. Klein submitted several exhibits, including:

Exhibit A, a certified copy of the act of donation from Rita H. Patterson to the Rita H. Patterson Revocable Living Trust;

Exhibit B, a certified copy of an extract from the Rita H. Patterson Revocable Living Trust;

Exhibit C, an Affidavit of Ramsey Tyler Archie, on behalf of the City of New Orleans with the following attachments:[4]

---

41.

Relying only on the erroneous assessment, the tax collector for the City of New Orleans failed to send any notices to The Rita H. Patterson Revocable Living Trust.

42.

The tax collector failed to review the mortgage and conveyance records to determine the proper tax notice parties as required by La. R.S. 47:2153(A)(1)(a) and La. R.S. 47:2122(19).

[4]Mr. Henderson objected to the affidavit on the grounds that he wanted the opportunity to cross-examine Mr. Archie, and representatives from the City of New Orleans and the Orleans Parish Assessor. We note the only affidavit in the record of a representative of the City is that of Mr. Archie. The district court denied the objection, noting Mr. Henderson had ample time to conduct discovery. Mr. Henderson does not assign as error that the district court erred in admitting the affidavit of Mr. Archie.

7

A true and correct copy of the tax sale deed sold to Mr. Henderson (Exhibit D);

A true and correct copy of a letter dated October 2, 2019 written or caused to be written by the Assessor (Exhibit 1-B);

A copy of the delinquent tax notice and the notice of tax sale which were both addressed to Forster Ingrid, et al, at the Property's address and indicate the mailed notices were unclaimed. (Exhibits H-K)

Exhibit M, a certified copy of an act of sale from the Trust to Mr. Klein;

Exhibit N, an Affidavit of Mr. Klein with the following attachment:

A true and correct copy of photos of a "Notice to Vacate" posted by petitioner on the property (Exhibit N-1);

Exhibit O, a certified copy of the tax sale deed.

In his affidavit, Mr. Archie attested, in pertinent part:

1. He is Director of Compliance for CivicSource.

2. CivicSource is a vendor of the City of New Orleans which provides services related to the collection of delinquent property taxes, including tax sales. Those services include making reasonable efforts to identify and locate persons with interest in properties on which taxes are delinquent and preparing and sending pre-sale and post-sale notices of tax sales to the identified persons.

3. He is responsible for supervising and reviewing the work performed and services provided by CivicSource to the City of New Orleans relative to pre-sale and post-sale noticing for tax sales.

4. It is the policy, practice, and procedure of the City of New Orleans, through its vendors, to keep accurate records of all pre-sale and post-sale notices which are sent relative to each particular tax sale property, including copies of tax sale notices, proofs of mailings, proofs of delivery (such as "green cards"), and notices which are returned by the Post Office undelivered.

5. Affiant reviewed records and documents relative to the subject property and the subject tax sale, including copies of tax sale notices, returned mailings, and other documents or records relative to the subject tax sale.

8

6. On December 2 and 3, 2009, the City of New Orleans conducted a tax sale in order to collect delinquent property taxes for tax years 2007 and 2008 for the property bearing municipal number 2825 Cherry Street, New Orleans, LA 70118, Tax Bill No. 716326210 (the "Subject Property").

7. On January 21, 2010, the City of New Orleans executed a tax sale deed in favor of Alex Henderson, III, recorded on January 25, 2010 at NA 2010-03722 ("Tax Sale Deed").

8. The City's records of the 2010 tax sale of the Subject Property include:

  a. Tax Sale Deed (attached as Exhibit D),
  b. Delinquent Tax Notice (attached as Exhibit H),
  c. Returned Mailing (attached as Exhibit I),
  d. Notice of Tax Sale (attached as Exhibit J) and
  e. Returned Certified Mail (attached as Exhibit K).

Exhibits D, H, I, J, and K are true and correct copies of records of the tax sale of the subject property, kept in the ordinary course of business by the City of New Orleans, through its vendor CivicSource. Copies of Exhibits D, H, I, J and K are attached hereto and incorporated herein as if set forth fully.

9. CivicSource's mail records for the 2010 tax sale do not include any notices addressed to the Rita H. Patterson Revocable Living Trust.

10. CivicSource's mail records for the 2010 tax sale only include letters mailed to 2825 Cherry Street.

On November 25, 2020, the Assessor responded to the motion for summary judgment by filing a statement of neutrality, neither joining nor opposing Mr. Klein's summary judgment motion. The City and Mr. Klein, however, "settled, satisfied and/or compromised all of their claims" and entered into a consent agreement.[5] On December 11, 2020, pursuant to the consent agreement, the district court issued a judgment, wherein it ordered that "in accordance with La. 47:2153(C)(1), Norman White, Chief Financial Officer of the City of New Orleans

---

[5] A copy of the settlement agreement was not submitted in support of Mr. Klein's motion, and it is not contained in the appellate record.

9

and Ex-Officio Tax Collector for the Parish of Orleans is hereby ordered to CANCEL the December 3, 2009 tax sale sold to Alex Henderson, III for 2007 and 2008 delinquent *ad valorem* taxes related the Property." Mr. Henderson was not a party to the consent agreement.

Mr. Henderson filed his opposition to the summary judgment. He contested the consent judgment on the ground he was not a party to the consent agreement. Mr. Henderson further argued: (1) he was forced to pay a lien by the City shortly after his purchase of the dilapidated property, which he immediately corrected; (2) he had maintained the property from the time of purchase through the time of filing of opposition; (3) he alleged that he had not been interrupted in his maintenance and possession of the property for over ten years[6]; (4) the property was not redeemed during the three year redemption period and (5) he had gutted the house over this period of time. He urged that he had not once been contacted by the previous owner. In addition, Mr. Henderson disputed that the notice by the City was insufficient and argued there remained genuine issues of material fact. Specifically, Mr. Henderson argued:

> The argument of mover that 'Due Process' and 'Notice' has not been afforded in this case, is unsupported by the records presented, and specifically his failure to show that the notice given by the City/Assessor was any different from previous years. In fact, prior to the donation to the Rita H. Patterson Revocable Living Trust, Ingrid C. Foster was the designee on the rolls of the Assessor.

Mr. Henderson attached and/or adopted exhibits in support of his opposition.[7]

---

[6] "The requisites for the acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription." La. C.C. art. 3475

[7] The following were the exhibits attached or adopted:
 Exhibits C of mover (Affidavit of Ramsey Archie) and M (Act of sale from Trust to Mr. Klein)
 Exhibit D of mover (Tax sale deed)
 Exhibit 1-B of mover (October 2, 2019 letter from the Assessor) of mover
 Exhibit L, Assessor's responses to mover's discovery; particularly, the following responses:

A hearing on the second motion for summary judgment was held on January 6, 2021. The district court determined that the narrow issues presented were whether the proper tax sale party received notice prior to the tax sale and whether the City took reasonable steps to notify the proper tax sale party. In finding in favor of Mr. Klein, the district court held that the City sent all pre-tax sale notices to the incorrect party, and it did not take reasonable steps to ensure that the proper tax sale party was notified. The district court concluded that the 2009 tax sale was null for failure of the City to notify the proper party of the delinquent tax notice and pre-sale notice.[8] In addition, the Court found that the 2009 tax sale deed was

---

REQUEST FOR ADMISSION NO.9
Please admit that the Orleans Parish Assessor's Office has no records to support the above-referenced name change to Ingrid C. Foster, et al.
RESPONSE TO REQUEST FOR ADMISSIONS NO. 9
Admit, subject to the clarification that no records to support the name change were discovered following a diligent search.
REQUEST FOR ADMISSION NO. 10
Please admit that the Orleans Parish Assessor for District 7 erred in changing the name of the owner of the Property to Ingrid C. Foster, et al in 1998.
RESPONSE TO REQUEST FOR ADMISSIONS NO. 10
Denied for lack of information necessary to justify a belief therein. It is unclear from the records within the possession of the Assessor's Office the reason for the 1998 change of name.

Exhibit N, Affidavit of Mr. Henderson pertinent contents set forth *supra*; and
Exhibits C and D, Affidavits of neighbors, wherein the neighbors attested Mr. Henderson had been maintaining the property.

[8] The district court, in granting summary judgment in favor of Mr. Klein reasoned:

In this case, the act of donation filed in the conveyance records shows that the subject property belonged to the Rita H, Patterson Revocable Living Trust. Despite this, the city sent all notices to Ingrid C. Foster, et al. While Ms. Foster is the successor of the trust, she is not the proper owner as recorded in the conveyance records. Additionally, it does not appear that the city took reasonable steps to ensure that the proper tax sale party was notified. The record indicates that the city mailed two notices to the subject property and both were returned as undeliverable. Both federal and state law requires the tax collector to take additional, reasonable steps to notify a tax party when a notice is returned unclaimed. From the evidence presented, it does not appear that the city took any additional steps to ensure that notice was received by the proper party. Given all of this, the Court finds that the 2009 tax sale deed is null for failure to notify the proper party.

null, and that Mr. Henderson was entitled to a nullity payment in accordance with Article 7 § 25(C) of the Louisiana Constitution and La. R.S. 47:2291, which will be discussed *infra*. The district court orally ordered Mr. Henderson to submit his costs in accordance with the law and to vacate the property.

In a judgment dated January 29, 2021, the district court granted Mr. Klein's summary judgment, placed him in possession of the property, and ordered Mr. Henderson to deliver the same. The district court declared that in conjunction with the December 11, 2020 consent judgment by and between Mr. Klein and the City, all issues in the instant matter were final.[9] Although the district court found that Mr. Henderson was entitled to reimbursement, the district court's judgment was silent as to any reimbursements due to Mr. Henderson as required by La. Const. art. 7, § 25(C) and La. R.S. 47:2291.

Mr. Henderson's suspensive appeal followed.

## PROCEDURAL ISSUE

Before addressing the merits of this appeal, we will first address Mr. Klein's objection to Mr. Henderson's appellate brief. Mr. Klein complains that Mr.

---

The assessor for the Parish of Orleans filed a response indicating that he does not oppose the plaintiff's motion for summary judgment. The City of New Orleans entered into a consent judgment with the plaintiff whereby it agreed to cancel the 2009 tax sale deed. The plaintiff has presented ample evidence to show that the city failed to notify the proper party of the 2009 tax sale. The Court finds that the defendant has not met his burden in showing that a genuine issue of material fact still remains.

[9] *See* La. C.C.P. art. 966(E)("A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party or parties."; La. C.C.P. art. 1915(B)(1) ("When a court renders a partial judgment or partial summary judgment . . . as to one or more but less than all of the claims, demands, issues, or theories against a party . . . the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay;" and *Surcouf v. Darling*, 15-0278, p. 3, (La. App. 4 Cir. 10/21/15) 177 So.3d 1085, 1088.

Henderson failed to follow the Louisiana Uniform Rules, Courts of Appeal in preparing his appellate brief.[10]  Mr. Klein prays that this Court disregard or deem abandoned all issues and assignments of error asserted by Mr. Henderson in his brief.

An appellate court may "consider as abandoned any assignment of error or issue for review that has not been briefed."  Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(4)).  In addition, an appellate court has authority to "disregard the argument on assignment of error or issue for review if suitable reference to the specific page numbers of the record is not made." Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(3)).

While we note counsel's failure to follow the Uniform Rules in preparation of her appellate brief, in this case, in the interest of fairness and justice, we elect not to exercise our discretion to disregard Mr. Henderson's assigned errors, as each

---

[10] Mr. Klein specifically complains:

(1) failure to number the pages consecutively (La. Unif. R. Ct. App. 2-12.2(B));

(2) failure to consistently use Roman or Times New Roman 14 point font (I*d.* at 2-12.2(D)(2)(a));

(3) failure to name the parish from which the case came (*Id.* at 2-12.3(d));

(4) failure to name the presiding judge (*Id.* at 2-12.3(e));

(5) failure to alphabetize citations and refer to the page of the brief where cited (*Id.* at 2-12.4(A)(2)); and

(6) failure to include a short summary of the argument (*Id.* at 2-12.4(A)(3)(8)).

(7) failure to list facts relevant to the assignments of error and issues for review, with references to the specific page numbers of the record (*Id.* at 2-12.4(A)(3)(7));

(8) failure to reference page numbers of the record to support appellant's argument *(Id.* at 2-12.4(A)(3)(9)(a));

(9) failure to provide a standard of review for each of appellant's six assignments of error *(Id.* at 2-12.4(A)(3)(9)(b)); and

(10) failure to state the precise relief sought.

error involves whether the district court erred in granting Mr. Klein's second motion for summary judgment. We will now address the merits of the case.

## DISCUSSION

Mr. Henderson asserts the district court erred in granting Mr. Klein's motion for summary judgment as there remain material issues of fact.[11]

"A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by the litigant." *Filmore Parc Apartments II v. Foster*, 18-0359, p. 11 (La. App. 4 Cir. 11/7/18), 318 So.3d 718, 725 (quoting *Tate v. Touro Infirmary*, 17-0714, 2018 WL 992322, at *1 (La. App. 4 Cir. 2/21/18)(citing La. C.C.P. art. 966(A)(1) ). Generally, the burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the issue, the

---

[11] Specifically, Mr. Henderson assigns the following errors:

The Court erred in granting [sic] Motion For Summary Judgement when the pleadings, answers and affidavits were not viewed in the light most favorable to Mr. Alex Henderson, nonmovant, revealed inconsistent and questionable facts.

The Court erred in determining the inconclusive, disputed and unanswered issues in the pleadings, answers and affidavit were not genuine issues of material facts precluding a Motion for Summary Judgement.

The [T]rial Judge ignore[d] the law of ascertaining from the objective review of the record and the behavior of the parties, the disputed genuine issues of material facts. . . .

The Trial Judge's rulings were contrary to the law and evidence (pleadings, answers and affidavits).

The Trial Judge's ruling(s) were erroneous and violated the standard set forth for [sic] Motion for Summary Judgement.

The Court erred in granting the Motions for Summary Judgement when there existed genuine issues of material facts, thereby violating the due process standards set forth in law that the mover must be entitled to Summary Judgement only after viewing the issues in the light most favorable to the nonmover, as a matter of law.

14

mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The adverse party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). An appellate court's standard of review for a grant of a summary judgment is *de novo*. *Madere v. Collins*, 17-0723, p. 6 (La. App. 4 Cir. 3/28/18), 241 So.3d 1143, 1147 (citing *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418, p. 25 (La. 7/10/06), 935 So.2d 669, 686). In *Chanthasalo v. Deshotel*, 17-0521, p. 5 (La. App. 4 Cir. 12/27/17), 234 So.3d 1103, 1107 (quoting *Ducote v. Boleware*, 15-0764, p. 6 (La. App. 4 Cir. 2/17/16), 216 So.3d 934, 939), this Court explained the *de novo* standard:

> This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

"A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." La. C.C.P. art. 966(F). *See Cutrone v. Eng. Turn Prop. Owners Ass'n, Inc.*, 19-0896, p. 13 (La. App. 4 Cir. 3/4/20), 293 So.3d 1209, 1218 (wherein this Court held that "the

15

trial court legally erred in granting summary judgment on the basis of an issue not raised by the parties, violating La. C.C.P. art. 966(F).").

*Cancellation of Tax Sale Pursuant to LA. R.S. 47:2153(C)(1)*

Turning to our *de novo* review, the first ground alleged by Mr. Klein in his motion for summary judgment was a request for the district court to order the City Tax Collector to cancel the tax sale and corresponding tax sale deed regarding the Property, pursuant to La. 47:2153(C)(1). La. R.S. 47:2153(C)(1), effective August 1, 2012, provided, in pertinent part:

> In the absence of actual notice of the sale to a tax sale party, including a transferee, or the demonstration of a reasonable effort to provide notice, where the name and address of the tax sale party were reasonably ascertainable or where the transfer was recorded after the tax collector completed his pre-sale tax sale party research, *the tax collector shall cancel the sale of the property and refund the tax sale purchaser the tax sale purchase price.* (Emphasis added.)

As previously noted, Mr. Klein and the City entered a consent agreement, and the consent judgment that followed ordered the cancellation of the December 3, 2009 tax sale, pursuant to La. 47:2153(C)(1), and the corresponding tax deed recorded on January 26, 2010. First, we find the consent judgment is not binding on Mr. Henderson as he was not a party to the consent agreement. Second, the statute relied on by the parties and the district court to cancel the tax sale and tax sale deed was not in effect at the time of the tax sale, and the 2009 version of La. R.S. 47:2153 did not provide the cancellation of sale by the tax collector as a remedy.[12]

---

[12] La. R.S. 47:2153 in effect at the time of the tax sale in 2009, provided, in pertinent part:

> A. On the second day after the deadline for payment of taxes each year, or as soon thereafter as possible, the tax collector shall send a written notice by United States mail postage prepaid to each tax notice party when the tax debtor has not paid all the statutory impositions which have been assessed on immovable property, notifying the person that the statutory impositions on the immovable property

16

It is well settled that the law in effect at the time of the tax sale applies to the sale. *Cent. Properties v. Fairway Gardenhomes, LLC*, 16-1855, p. 10 (La. 6/27/17), 225 So.3d 441, 448. Moreover, in *Brookewood Invs. Co. v. Sixty-Three Twenty-Four Chef Menteur Highway, L.L.C.*, 12-1205, p. 6 (La. App. 4 Cir. 5/15/13), 116 So.3d 899, 904, this Court held that the legislative changes reflected in the amendment to La. R.S. 47:2153(C)(1) were substantive, and applied prospectively. Since the tax sale occurred in 2009, the law in effect in 2009 is applicable to this tax sale.

Consequently, due to Mr. Henderson not being a party to the consent judgment and the consent judgment was confected on a statute which was not in effect at the time of the tax sale, we conclude Mr. Klein failed to prove he was entitled to summary judgment on this ground.

### Redemption Nullity

As to his second ground asserted in his motion, Mr. Klein contends that the tax sale and tax sale deed be declared redemption nullities for failure of the City to provide post-tax sale notice to the Trust. Mr. Henderson responds that notice was sufficient and properly sent to Ms. Foster, and the "et al" designation was superfluous. Mr. Henderson argues:

> Until 2007 the taxes were paid. What and why the 2007-2009 taxes were not paid, nor any thereafter, has not been proven to have been because of failure of notice. Nor has there been any information forthcoming regarding her [Ms. Foster] failure to continue her fiduciary obligation as trustee of seeing to the taxes being paid as she had for the many years preceding the sale.

---

shall be paid within twenty days after the sending of the notice or as soon thereafter before the tax sale is scheduled, or that tax sale title to the property will be sold according to law.

The notice to be sent was set forth in the statute.

In *Surcouf v. Darling*, 15-0278, p. 8 (La. App. 4 Cir. 10/21/15), 177 So.3d 1085, 1091, this Court explained in pertinent part:

> Both the Fourteenth Amendment to the United States Constitution and Art. I, § 2 of the Louisiana Constitution guarantee due process of law before the deprivation of life, liberty, or property. It is therefore well-established that prior to instituting an action which will affect an interest in property, a state must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

The Louisiana Constitution, Article 7, Section (25)(A)(1) "mandates that the Tax Collector provide notice of tax delinquencies in the manner provided by law." *Patton v. Unopened Succession of Dearie*, 17-0151, p. 6 (La. App. 4 Cir. 10/11/17), 317 So.3d 11, 15 (footnote omitted). Louisiana Constitution Article 7, § 25(A)(1)(1974), applicable at the time of the tax sale, provided as follows:

> There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be *prima facie* evidence that a valid sale was made.

La. R.S. 47:2121 provided the effect of tax sale:

> **B. Effect of tax sale on property interest.** No tax sale shall transfer or terminate the property interest of any person in tax sale property or adjudicated property until that person has been duly notified and both the redemptive period and any right held by that person to assert a payment or redemption nullity under R.S. 47:2286 have terminated.

18

"No tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities." La. R.S. 47:2286 (effective January 1, 2009). The editor's comments to La. R.S. 47:2286 state that "[t]his Section makes clear that all of these nullities are relative nullities since the nullities can be cured."[13] *See Alpha Capital US Bank v. White*, 18-827, p. 7 (La. App. 1 Cir. 12/21/18), 268 So.3d 1124, 1129 (citations omitted)("All relative nullities are capable of being cured."). Redemption nullity, defined in La. R.S. 47:2122(10), means "the right of a person to annul a tax sale in accordance with R.S. 47:2286, because he was not duly notified at least six months before the termination of the redemptive period."[14]

There were several post-tax sale notification requirements applicable in 2009. La. R.S. 47:2153 (effective August 15, 2009) set forth notice requirements for the assessor to notify the owner of the property that (1) there was a tax delinquency, (2) a tax sale was to be held, and (3) the property was sold at a tax sale and the time period to redeem the property.[15]  La. R.S. 47:2156(B)(1)

---

[13] "[A]ny deficiency in pre-sale notices can be cured by proper post-sale notice." *Stow-Serge v. Side by Side Redevelopment, Inc.*, 20-0015, p. 7 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 77 n. 9, *writ denied*, 20-00870 (La. 10/14/20), 302 So.3d 1120 (citing La. R.S. 47:2122(10)).

[14] A "redemptive period" is the time "period in which a person may redeem property as provided in the Louisiana Constitution." La. R.S. 47:2122(11). "The property sold [for non-payment of taxes] shall be redeemable for three years after the date of recordation of the tax sale. . . ." La. Const. art. VII, § 25 (B)(1).

[15] La. R.S. 47:2153 (C) provided in pertinent part:

> C. Within thirty days after the filing of the tax sale certificate, or as soon thereafter as possible, the tax collector shall research the records of the recorder of conveyances on all property to which tax sale title was sold to tax sale purchasers for any transfers of the property that occurred after the preparation of the tax roll for the year that the property was sold for taxes. If there has been a transfer, within thirty days after filing a tax sale certificate, the tax collector shall use reasonable efforts to send the new owner a written notice that tax sale title to the property was sold. The notice shall state the amount necessary to redeem the property. This notice shall also advise the owner that the property may be

19

(effective January 1, 2009 to July 31, 2012), instructed the tax collector to provide post-tax sale notice each year until the three-year redemptive period ended.[16]

"To determine the reasonableness of the tax collector's actions, the methods of attempted notice must be examined." *Larto Lake, LLC v. Sit Gen. Partner, LLC*, 19-228, p. 8 (La. App. 3 Cir. 11/27/19), 287 So.3d 36, 42. In *Patton,* 17-0151, p. 6, 317 So.3d at 16 (citations omitted), this Court stressed that "Louisiana jurisprudence has consistently found that notice of a tax delinquency is properly sent to the person listed as the owner shown in conveyance office records."

As discussed *supra*, Mr. Henderson purchased the Property via tax sale and the tax sale deed was recorded in the Orleans Parish conveyance records in January 2010. A certified copy of the tax sale deed was entered into the record, which is *prima facie* evidence of the validity of the tax sale. *See Patton,* 17-0151, p. 12, 317 So.3d at 19 (citing *Mooring Financial Plan 401(K) Profit Sharing Plan v. Ninth Ward Housing Corp.*, 09-0327, p. 3 (La. App. 4 Cir. 9/16/09), 18 So.3d 797, 798).[17] Thus, Mr. Klein had the burden of proving any defects in the post-tax sale

redeemed at any time within three years or other applicable redemptive period after the date of filing of the tax sale certificate. This shall serve as the required notice to the transferee in Subsection A of this Section.

The form to be used was set forth in the statute.

[16] La. R.S. 47:2156(B)(1)provides:

For each property for which tax sale title was sold at tax sale to a tax sale purchaser:

(1) If the redemptive period is greater than two years, each January or as soon as practical thereafter, each tax collector shall send a written notice by United States mail, postage prepaid, to each tax notice party and each tax sale party whose interest would be shown on a thirty-year mortgage certificate in the name of the tax debtor and whose interest was filed prior to the filing of the tax sale certificate that tax sale title to the property has been sold at tax sale.

[17] La. R.S. 47:2155(B) and (C) provides that "[a] certified copy of the tax sale certificate is *prima facie* evidence of the regularity of all matters regarding the tax sale and the validity of the tax

notice, and if he offered evidence sufficient to rebut the presumption of regularity, Mr. Henderson had to prove that all requisites for a valid tax sale were complied with.

Review of the evidence, including but not limited to Mr. Archie's unrebutted affidavit, shows the City failed to take any additional steps to provide the Trust with pre-tax sale notice of delinquency, and the City failed to cure the deficiencies by providing the Trust with post-tax sale notice.[18] Accordingly, we conclude the district court did not err in granting Mr. Klein's second motion for summary judgment as to the ground of redemptive nullity, and ordering the tax sale and tax sale deed null and void.

### *Eviction and possession*

The third ground alleged by Mr. Klein in his motion and granted by the district court, was the tax sale and tax sale deed be cancelled and that Mr. Henderson be ordered evicted from 2825 Cherry Street and ordered to deliver possession of the same to Mr. Klein.

---

sale" and "[t]he tax sale certificate contemplated by this Section is a tax deed for purposes of Article VII, Section 25 of the Louisiana Constitution."

[18] In opposition to the second motion for summary judgment in the district court and in his brief to this Court, Mr. Henderson argued that that the property was not redeemed within the three-year period, and he was a good faith possessor of the property for ten years. First, the record reflects that at the time Mr. Klein purchased the Property from the Trust and posted notice to vacate, Mr. Henderson had been in possession of the Property less than nine years. Second, these issues are not properly before this Court, as Mr. Henderson failed to raise these issues in an exception of prescription, in his answer to the petition, or at the hearing on the second motion for summary judgment. In addition, Mr. Henderson did not object when the district court was silent as to these issues. *C.f. Rodriguez v. Claassen*, 16-0610, p. 6 (La. App. 4 Cir. 12/21/16), 207 So.3d 490, 495 (citation omitted)("Failure to object deprives the district court of the opportunity to correct a contested ruling and constitutes waiver of the issue on appeal."). Furthermore, although mentioned, these issues were not briefed on appeal.

When a tax sale is annulled, La. Const. Art. VII, § 25 provides that "[n]o judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, and until ten percent per annum interest on the amount of the price and taxes paid from date of respective payments are paid to the purchaser." In *Mooring Tax Asset Grp., L.L.C. v. James*, 14-0109, p. 7 (La. 12/9/14), 156 So.3d 1143, 1148, the Louisiana Supreme Court held that "[t]his constitutional provision [La. Const. art. VII, § 25(C)] specifically dictates that the judgment of nullity cannot be effective until the tax purchaser is reimbursed taxes, costs and interest." "[I]n order for the nullity to be effected through a cancellation of the tax sale deed, the tax sale purchaser must be restored to the situation that existed before the tax sale." *Deichmann v. Moeller*, 18-0358, p. 10 (La. App. 4 Cir. 12/28/18), 318 So.3d 833, 839 (quoting *Surcouf*, 15-0278, p. 3, 177 So.3d at 1088 (citing La. C.C. art. 2033[19])). In addition, La. R.S. 47:2290 provides in pertinent part:

> B. (1) A judgment annulling a tax sale or other transfer to an acquiring person or his successors based on a redemption nullity shall not have effect until all of the following are paid:
> (a) All statutory impositions forming the basis of the initial tax sale.
> (b) All subsequent statutory impositions have been paid and all governmental liens.
> (c) All costs.
> (d) A five percent penalty and twelve percent per annum on all statutory impositions.
> (2) These amounts shall be paid to the tax collector, and the tax collector shall reimburse the tax sale purchaser or the purchaser or donee of adjudicated property to the extent the party has paid the purchase price and the subsequent statutory impositions or governmental liens; otherwise, the amounts shall be paid to the political subdivisions.

---

[19] "An absolutely null contract, or a relatively null contract that has been declared null by the court, is deemed never to have existed. The parties must be restored to the situation that existed before the contract was made. If it is impossible or impracticable to make restoration in kind, it may be made through an award of damages." La. C.C. art. 2033.

At the hearing on the motion for summary judgment, the district court noted Mr. Henderson was entitled to reimbursement. However, the record before this Court does not indicate that the amount of reimbursement was set by the district court or that Mr. Henderson was reimbursed as required by La. Const. art. VII, § 25(C) and La. R.S. 47:2290. Thus, we find the district court erred in cancelling the tax sale and tax sale deed and ordering Mr. Henderson evicted from 2825 Cherry Street and possession delivered to Mr. Klein before the amount of reimbursement was set and before Mr. Henderson was reimbursed. *See Mooring Tax Asset Grp., L.L.C.*, 14-0109, p. 10, 156 So.3d at 1150 (wherein the court held that the trial court erred in ordering the immediate cancellation of the tax sale deed without also setting the amount of costs as required by La. Const. art. VII, § 25(C)). As such, Mr. Henderson is entitled to keep possession of the Property pending reimbursement of the taxes, cost and interest he incurred as a result of purchasing the Property at the tax sale. Therefore, we reverse this portion of the district court's judgment, and remand the matter to the district court for further proceedings consistent with this opinion.

## CONCLUSION

Based on the forgoing, we affirm the district court's judgment in part, reverse it in part and remand the matter to the district court for further proceedings consistent with this opinion.

**AFFIRMED IN PART;**
**REVERSED IN PART;**
**REMANDED**

23